LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
VALERIE N. ROSE (State Bar #272566)
vrose@walkuplawoffice.com
KELLY L. GANCI (State Bar #335658)
**ATTORNEYS FOR PLAINTIFF**
**K.D., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, LAQUANTAE DAVIS**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.D., a minor, by and through his Guardian ad Litem, LAQUANTAE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER CHANGEMAKERS ACADEMY, VALLEJO CITY UNIFIED SCHOOL DISTRICT, RACHAEL WEINGARTEN, AISHA FORD and DOES 1 - 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff K.D., a minor, by and through his Guardian ad Litem, LAQUANTAE DAVIS, alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of Plaintiff's federal law claims is founded upon 28 U.S.C. 1331 (federal questions jurisdiction), 28 U.S.C. 1343 (a)(3) (federal civil rights jurisdiction), 42 USC 1983 and 20 USC 1681 *et seq.* (Title IX, Education Amendments

1
COMPLAINT FOR DAMAGES

1  of 1972) and 28 U.S.C. 1983.

2      2.    Plaintiff has complied with the California Government Tort Claims Act,
3  Cal. Govt. Code § 810 *et seq.*.

## PARTIES

5      3.    LaQuantae Davis is a resident of the City of Vallejo, in the County of
6  Solano, California. She brings this action on behalf of her minor son K.D. as his
7  Guardian ad Litem.

8      4.    Plaintiff K.D. is a minor and a resident of the City of Vallejo, in the
9  County of Solano, California.

10      5.    At the time of the incidents giving rise to this action, Plaintiff K.D. was
11  a student with a disability, including Speech and Language Impairment (SLI),
12  receiving special education services at Caliber Changemakers Academy.

13      6.    At all relevant times herein, Defendant CALIBER CHANGEMAKER'S
14  ACADEMY ("CCA") was a public charter school operating pursuant to authorization
15  of the Board of Trustees of Vallejo City Unified School District.

16      7.    The approval of charter schools is governed by the Charter Schools Act
17  of 1992, as subsequently amended, codified in Education Code sections 47600 *et seq.*,
18  and the implementing regulations of Title 5 of the California Code of Regulations (5
19  C.C.R. §§11960 *et seq.*)

20      8.    Defendant VALLEJO CITY UNIFIED SCHOOL DISTRICT ("VCUSD"
21  and/or "the District") is a public entity duly incorporated and operating under
22  California law as a school district. VCUSD is a public entity within the meaning of
23  California Government Code sections 811.2, 900 et seq., and is duly incorporated and
24  operating under California law as a school district.

25      9.    At all relevant times, Defendant RACHAEL WEINGARTEN
26  ("WEINGARTEN") was employed by CCA as its Head of Schools. All actions alleged
27  herein were taken by WEINGARTEN under color of state law and in the course and
28  scope of her employment with CCA.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES

10. At all relevant times, Defendant AISHA FORD ("FORD") was employed by CCA as its Principal. All actions alleged herein were taken by FORD under color of state law and in the course and scope of her employment with CCA.

11. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 50. Plaintiff therefore prays for leave to amend once their identities are discovered.

**FACTS**

12. Plaintiff K.D. complied with the claim presentation requirements of the California Government Tort Claims Act.

13. On May 27, 2022, Plaintiff submitted his claim to CCA. CCA took no action on the claim and it was deemed denied by operation of law on July 11, 2022.

14. On June 9, 2022, Plaintiff submitted his claim to VCUSD. VCUSD rejected Plaintiff's claim on July 14, 2022.

15. Plaintiff K.D. was born on ▮▮▮▮, 2012 and LaQuantae Davis is his mother.

16. K.D. has been diagnosed with disabilities including Speech and Language Impairment (SLI), qualifying him to receive special education services from Defendants CCA and VCUSD.

17. At all relevant times herein, CCA operated under the oversight of VCUSD and pursuant to the authorization of VCUSD's Board of Trustees.

18. Pursuant to authorizing CCA's operation as a charter school, VCUSD was required to monitor CCA to verify compliance with all applicable laws, fulfillment of all charter terms and provision of a high-quality educational program for CCA students including K.D.. (Calif. Ed. Code §§ 47604.32, VCUSD Board Policies 0420.4 and 0420.41)

19. VCUSD represented to the public that it would provide focused monitoring and oversight of CCA during all of its approved charter term.

20. During the 2021/2022 school year, K.D. was a fourth grade student at

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES

CCA assigned to the classrooms of teachers Arai Macias and Adele Hohertz-Serpan on the CCA campus in Vallejo.

21. At all relevant times herein, CCA staff failed to adequately supervise students on the CCA campus.

22. CCA represented to the parents of students, including K.D., that students attending CCA school would be safe and supervised.

23. Prior to and during the 2021/2022 school year, CCA knew that K.D. required additional accommodations and supports due to his disabilities and CCA administrators and staff were provided with information regarding K.D.'s disabilities and the appropriate accommodations and supports he required.

24. During the 2021/2022 school year, K.D. was bullied, threatened, sexually abused, and sexually assaulted by student K.J.W. and other students on the CCA campus during school hours while in the care of Defendants.

25. The abuse of K.D. included but was not limited to incidents wherein K.J.W. and other CCA students repeatedly harassed and teased K.D. about his speech impediment, stole his backpack, threatened and chased K.D. into the bathrooms and other areas of the campus and made fun of K.D.'s disabilities.

26. K.D.'s classmates targeted him because of his disabilities and their ongoing bullying and harassment of K.D. was open and obvious, frequently occurring in the presence of CCA staff.

27. Defendants knew that, by virtue of his disabilities, K.D. was more likely than his non-disabled peers to be the target of bullying and sexual harassment at school and was more vulnerable to suffering detrimental effects as a result.

28. K.D. was also subjected to ongoing sexual harassment and sexual misconduct on the CCA campus including but not limited to incidents wherein student K.J.W. fondled K.D.'s genitals, forced a pencil and his fingers into K.D.'s buttocks and squeezed K.D.'s penis.

29. In addition to being directly victimized by K.J.W., K.D. also observed

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES

K.J.W. perpetrate similar incidents of bullying and sexual harassment on his CCA classmates.

30. The bullying, sexual harassment and sexual misconduct K.D. was subjected to at CCA by K.J.W. and other students occurred during school hours on the CCA campus while students were not adequately supervised.

31. On information and belief, prior to Plaintiff's abuse at CCA, employees of CCA and VCUSD were on notice that K.J.W. posed a danger to his peers and had subjected other students to bullying, sexual harassment and sexual misconduct, but they negligently failed to address the misconduct or adequately supervise and monitor students and negligently failed to comply with relevant rules, policies and regulations requiring such incidents to be documented, reported and promptly investigated to protect students and prevent future occurrences.

32. On information and belief, during all relevant times, employees of VCUSD and CCA were aware that student K.J.W. and other students on the CCA campus posed a danger and threat to K.D. and other students, but negligently failed to adequately supervise or monitor the students in their care.

33. On information and belief, CCA failed to adequately hire, supervise and train CCA staff in student supervision and, and while working in the course and scope of their employment, CCA employees negligently and/or intentionally caused the injuries herein described and negligently failed to supervise students including plaintiff K.D., student K.J.W. and others, in violation of the Education Code so as to cause K.D.'s injuries.

34. By authorizing CCA's operation as a charter school, VCUSD assumed oversight responsibility and was required to monitor CCA to ensure the school's compliance with applicable laws, fulfillment of charter terms and provision of a high-quality educational program for students, but VCUSD negligently failed to do so.

35. On information and belief, VCUSD and CCA employees knew or should have known of the bullying, sexual harassment and sexual misconduct among

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
COMPLAINT FOR DAMAGES

students at CCA but failed to ensure students were adequately supervised or otherwise intervene to stop the misconduct, all in reckless disregard for the safety of the students in their care.

36. As a result of Defendants negligence and deliberate indifference to the unsafe conditions and negligent supervision of students on the CCA campus, K.D. was bullied, threatened, sexually harassed and sexually molested due to his disabilities, depriving him of access to the educational opportunities and benefits to which he was entitled

37. Defendants failed to provide a safe educational environment for K.D. during the 2020/2021 school year.

38. As a result of the abuse, K.D. sustained damages which include but are not limited to severe emotional distress, psychological injuries, severe anxiety, depression and emotional trauma, all of which has required and will continue to require ongoing psychological care.

39. Since the abuse, K.D.'s family has observed acute and significant changes in his emotions and behaviors including but not limited to him experiencing frequent flash backs at school, exhibiting intense feelings of self-harm, suicidal ideation, severe anxiety, hyper-vigilance and depression. Since the abuse K.D. has become increasingly withdrawn, more frequently isolates himself from his peers at school and has lost interest in things he previously enjoyed like playing with siblings and friends. Since the abuse, K.D.'s inability to regulate his emotions has increased, he is more easily triggered, more prone to angry outbursts, cries more frequently and suffers from frequent sleep disturbance and severe separation anxiety.

40. Because K.D.'s disabilities impact his ability to verbally communicate, the full extent of the abuse he suffered at CAA is not yet known.

///

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6
COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
## Violation of Constitutional Rights 42 U.S.C. 1983 against WEINGARTEN, FORD and DOES 1-10

41. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

42. Section 1983 is presumptively available to remedy a state's ongoing violation of federal law 42 U.S.C. §1983; *AlohaCare v. Haw. Dep't of Human Servs.*, 572 F.3d 740, 745 (9th Cir. 2009).

43. Persons acting under color of law are subject to suit under Section 1983. WEINGARTEN, FORD and DOES 1-10, while acting under state law, intentionally discriminated against K.D. on the basis of his disability by knowingly failing to address the pervasive sexual harassment and bullying of K.D. and other students at CCA while under Defendants' care.

44. WEINGARTEN, FORD and DOES 1-10 are responsible for student supervision at CCA, especially supervision of vulnerable students with disabilities, and determining from a staffing standpoint, the appropriate personnel required to adequately supervise students during the time they are on the CCA campus. They owed a duty of care to K.D. and all other students, to prevent student bullying, sexual harassment and sexual misconduct among students on the CCA campus.

45. WEINGARTEN, FORD and DOES 1-10 knew that, by virtue of his disabilities, K.D. was more likely than his non-disabled peers to be the target of bullying and sexual harassment at school and more vulnerable to suffering detrimental effects as a result of the abuse, but Defendants acted with deliberate indifference in failing to ensure students were adequately supervised thereby exposing K.D. to bullying, sexual harassment and sexual misconduct that resulted in severe psychological injuries to K.D. and further compounded K.D.'s pre-existing impairments caused by his disabilities.

46. WEINGARTEN, FORD and DOES 1-10 and violated K.D.'s rights under

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES

the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by actions, including but not limited to, depriving him of equal protection under the law on the basis of his disability.

47. As a proximate result of Defendants' negligent acts, Plaintiff K.D. has incurred damages as alleged herein.

## SECOND CLAIM FOR RELIEF:
### Discrimination in Violation of the Americans with Disabilities Act against CCA, VCUSD and DOES 11-20

48. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

49. Effective January 26, 1992, Plaintiff K.D. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. It prohibits discrimination by any "public entity", including any state or local government, as defined by 42 U.S.C. § 12131, Section 201 of the ADA.

50. Pursuant to 42 U.S.C. § 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. K.D. was at all times relevant herein a qualified individual with a disability as therein defined. His disabilities substantially limit at least two major life activities – speech and language.

51. By virtue of his disabilities, K.D. was more likely than his non-disabled peers to be the target of student bullying, sexual harassment and sexual misconduct at school and was more vulnerable to suffering detrimental effects as a result.

52. CCA and VCUSD failed in their responsibilities under Title II to provide services, programs, and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8
COMPLAINT FOR DAMAGES

their disability.

53. CCA and VCUSD further failed in their responsibilities under Title II to ensure the provision of services, programs and activities in a full and equal manner to disabled persons as described hereinabove by subjecting K.D. to a hostile educational environment.

54. As a result of CCA and VCUSD's failures to comply with their duty under Title II, Plaintiff K.D. suffered special and general damages according to proof.

**THIRD CLAIM FOR RELIEF:**
**Violation of § 504 of the Rehabilitation Act of 1973 against CCA, VCUSD and DOES 21-30**

55. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

56. Plaintiff K.D. is informed and believes, and on that basis alleges, that CCA and VCUSD are, and at all relevant times were, recipients of federal funds, and that part of those funds were used in the operations, construction and/or maintenance of the specific public facilities and programs described herein and the activities that take place therein.

57. By their actions and inactions in denying equal access to educational services and by subjecting Plaintiff K.D. to a hostile educational environment, CCA and VCUSD violated K.D.'s rights under §504 of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.

58. As a result of Defendants' failures to comply with their duty under §504 of the Rehabilitation Act of 1973, K.D. suffered special and general damages according to proof.

**FOURTH CLAIM FOR RELIEF:**
**Negligence: against all Defendants.**

59. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

60. VCUSD and CCA are vicariously liable for injuries proximately caused by the negligence of district and school personnel responsible for student supervision. Cal.Gov. Code § 815.2(a).

61. CCA had a duty to supervise students on its school premises. Cal. Ed. Code §44807. The standard of care imposed upon school personnel in carrying out their duty to supervise is identical to that required in the performance of their other duties, i.e. that degree of care which a person of ordinary prudence, charged with comparable duties, would exercise under the same circumstances; either a total lack of supervision or ineffective supervision may constitute a lack of ordinary care on the part of those responsible for student supervision. *Hoff v. Vacaville Unified School Dist.,* 19 Cal.4th 925 (1998).

62. Defendants WEINGARTEN, FORD and DOES 1-10 are responsible for student supervision. They owed a duty of care to K.D. and all other students to prevent student bullying, sexual harassment and sexual misconduct from occurring on the premises of the school while students were in their care. Defendants WEINGARTEN, FORD and DOES 1-10 breached their duty of care by failing to supervise the conduct of students, giving rise to vicarious liability of CCA. Defendants further breached their duty of care by permitting K.D. and K.J.W. to remain unsupervised in areas of the campus where K.J.W. was able to perpetrate ongoing bullying and sexual harassment of Plaintiff in the open and in the presence of staff.

63. By authorizing CCA's operation as a charter school, VCUSD assumed oversight responsibility and was required to monitor CCA to ensure its compliance with applicable laws, fulfillment of charter terms and provision of a high-quality educational program for students, but negligently failed to do so.

64. The breach of duty by the Defendants to ensure supervision of students like K.D., K.J.W. and others caused serious physical and psychological injuries to Plaintiff K.D.. As a result of his injuries, K.D. has required, and will continue to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10
COMPLAINT FOR DAMAGES

require, ongoing mental health counseling, therapy and treatment for the trauma it caused and compounding his pre-existing disabilities.

65. As a proximate result of Defendants' negligent acts, Plaintiff has incurred damages as alleged herein.

### FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress against
### Defendants CCA, WEINGARTEN, FORD and DOES 1-10

66. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

38. The actions of Defendants as alleged herein were outrageous, malicious, and intended to and did inflict emotional distress and humiliation upon Plaintiff.

39. Defendants' conduct, as set forth above, was intentional and outrageous. CCA is vicariously liable for the acts of its employees under Cal. Govt. Code § 815.2.

67. As a proximate result of Defendants' intentional acts, Plaintiff has incurred damages as alleged herein.

### SIXTH CAUSE OF ACTION
### Violation of Educational Code Sections 200 *et seq.* against all Defendants

68. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

69. California Education Code Sections 200 *et seq.* provides for a private right of action for intentional discrimination on the basis of sex or disability, which includes sexual harassment.

70. Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability,…gender...in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

71. The California legislature specifically declared its intent that an action under the Education Code shall be interpreted as consistent with Title IX of the Education Amendments of 1972, 20 USC §1681, *et seq.* (Cal. Ed. Code §201 (g))  A

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11
COMPLAINT FOR DAMAGES

plaintiff may maintain an action for monetary damages against a school district when the plaintiff alleges that he suffered severe, pervasive and offensive harassment that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; the school had actual knowledge of the harassment; and the school responded with deliberate indifference. *Donovan v. Poway Unified School Dist.*, 167 Cal.App.4th 567, 603-09 (2008).

72. The California legislature recognized that pupils enrolled in the state public schools have the inalienable right to attend classes on school campuses that are safe, secure and peaceful. Cal. Ed. Code §3261 (a), Article I, section 28(c) of the California State Constitution.

73. On various dates during the 2021/2022 school year, Plaintiff K.D. was bullied, sexually harassed and subjected to sexual misconduct by K.J.W. and other students while at CCA. The abuse of K.D. included but was not limited to student K.J.W. and other students teasing K.D. about his speech impediment, stealing his backpack, threatening K.D. and chasing him into the bathroom and other areas of the CCA campus, K.J.W. fondling K.D.'s genitals, forcing a pencil and his fingers into K.D.'s buttocks and squeezing K.D.'s penis. In addition to being directly victimized, K.D. was also forced to observe K.J.W. perpetrate similar acts of bullying, sexual harassment and sexual misconduct against his classmates.

74. This type of bullying and sexual harassment is actionable under Cal. Ed. Code §§ 220 et seq. because it is based both on disability and gender and was so severe and pervasive that it deprived K.D. of accessing his educational opportunities, had a detrimental effect on his mental health, diminished his academic performance and caused significant interference with K.D.'s ability to participate in the mainstream educational setting.

75. On information and belief, CCA and VCUSD had knowledge of this bullying, sexual harassment and sexual misconduct occurring among CCA students and had knowledge of other similar misconduct by K.J.W. that occurred prior to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

12
COMPLAINT FOR DAMAGES

K.D.'s abuse. The failure to intervene to stop misconduct of which a school district is aware constitutes intentional discrimination. *Franklin v. Gwinnet County Public Schools*, 502 U.S. 112 (1992).

76. Defendants' responsibility to address and respond to sexual harassment applies regardless of the potential application of any anti-bullying policy and regardless of whether a student has complained, asked the school to take action or identified the harassment as a form of discrimination. See U.S. Dept. of Education, Office for Civil Rights, Dear Colleagues letter, Oct. 26, 2010.

77. CCA and VCUSD each failed in their responsibilities to ensure K.D. was provided an environment free from discrimination and harassment and K.D. suffered severe and profound psychological trauma as a result of said failures.

78. On information and belief, VCUSD and CCA had control of the CCA charter school campus and the students attending CCA. CCA, VCUSD and their officials had authority to take corrective action to end the discrimination and harassment, but did not. Rather, they ignored known instances of student-on-student bullying, sexual harassment and sexual misconduct involving CCA students and failed to act to prevent future abuse.

79. As a result, K.D. suffered such severe, pervasive and objectively offensive harassment that it has deprived him of access to the educational opportunities and benefits provided that he is entitled to.

80. K.D. was subjected to severe and pervasive bullying, sexual harassment, and sexual misconduct at CCA. The Defendants acted with deliberate indifference in failing to respond to incidents of sexual harassment by students despite knowing that students were engaging in sexual misconduct on the CCA campus. Defendants were deliberately indifferent to the risk that this would happen by failing to supervise students in their care, including K.D., K.J.W. and others.

81. As a proximate result of Defendants' negligent acts, Plaintiff has incurred damages as alleged herein.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

13
COMPLAINT FOR DAMAGES

## JURY TRIAL DEMAND

Plaintiff hereby demands that this matter be tried to a jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages to Plaintiff for injury, emotional distress and for medical expenses;

2. Punitive damages against the individually named Defendants;

3. Attorney's fees and costs; and

4. Such other and further relief as the court deems just and proper.

Dated:  January 13, 2023                WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
KHALDOUN A. BAGHDADI
VALERIE N. ROSE
KELLY L. GANCI
Attorneys for PLAINTIFF
K.D., by and through his Guardian ad Litem
LAQUANTE DAVIS

## DEMAND FOR JURY TRIAL

Plaintiff K.D. hereby demands a jury trial.

Dated:  January 13, 2023                WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
KHALDOUN A. BAGHDADI
VALERIE N. ROSE
KELLY L. GANCI
Attorneys for PLAINTIFF
K.D., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, LAQUANTAE DAVIS

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

14
COMPLAINT FOR DAMAGES