UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.D., a minor, by and through his Guardian ad Litem, LAQUANTAE DAVIS,<br><br>                    Plaintiff,<br><br>    v.<br><br>CALIBER CHANGEMAKERS ACADEMY, et al.,<br><br>                    Defendants. | No. 2:23-cv-00083-DJC-JDP<br><br><u>ORDER GRANTING MOTION TO DISMISS</u> |

Plaintiff, a minor, alleges he was bullied and sexually harassed by fellow students at the public charter school he attended from 2021–2022. Based on these allegations, Plaintiff brought claims against the school, school district, and individual teachers for negligent supervision and failure to address the harassment. The school district now moves to dismiss the claims against them, arguing they are immune from vicarious liability under Cal. Educ. Code § 47604(d) and that Plaintiff has failed to plausibly plead his claims. (ECF Nos. 27, 29.)

////

If true, the allegations in the Complaint are shocking. But at this stage of the proceedings, Plaintiffs have not shown that the Vallejo City Unified School District bears liability for those alleged wrongs. Rather, the Court finds that the school district is immune from vicarious liability under section 47604(d), and that Plaintiff has failed to plausibly plead his claims premised on the district's direct liability. The Court GRANTS the District's motion with leave to amend.

## BACKGROUND

Plaintiff K.D., a minor, was a fourth-grade student during the 2021–2022 school year at Defendant Caliber Changemakers Academy ("CCA"), a public charter school operated by Defendant Caliber Public Schools pursuant to authorization from Defendant Vallejo City Unified School District ("District"). (First Am. Compl. ("FAC") (ECF No. 22) ¶¶ 4–7, 18, 21.) During his time at CCA, Plaintiff alleges he had a speech and language impairment, which qualified him to receive special education services. (*Id.* ¶¶ 5, 17.) Plaintiff alleges CCA was aware of his disabilities and the additional accommodations and support he required. (*Id.* ¶ 24.)

Instead of receiving this support, Plaintiff alleges that he was bullied, threatened, sexually abused, and sexually assaulted throughout the year by another student, K.J.W., as well as other students, due to his disabilities. (*Id.* ¶¶ 25–27, 29, 31.) Specifically, Plaintiff alleges K.J.W. and the other students repeatedly harassed him about his disabilities, stole his backpack, and chased him into the bathrooms and other areas of the school's campus. (*Id.* ¶ 26.) Additionally, Plaintiff alleges K.J.W. fondled his genitals, forced a pencil and his fingers into Plaintiff's buttocks, and squeezed Plaintiff's penis. (*Id.* ¶ 29.) Plaintiff alleges that the bullying and harassment was open and obvious, and frequently occurred in the presence of CCA staff. (*Id.* ¶ 27.) Plaintiff alleges the District knew or should have known about the bullying and sexual harassment occurring on campus but failed to ensure students were adequately supervised or intervene to stop the conduct. (*Id.* ¶¶ 33, 37–38.) Plaintiff also alleges the District negligently failed to monitor and oversee CCA. (*Id.* ¶ 35.)

Based on these allegations, Plaintiff sued the District on January 13, 2023, filing his operative First Amended Complaint on May 2, 2023. On May 23, 2023, the District moved to dismiss Plaintiff's second cause of action under the Americans with Disabilities Act ("ADA"), Title II, 42 U.S.C. § 12201, *et seq.*; third cause of action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; fourth cause of action for negligent supervision under Cal. Gov't Code § 815.2; and sixth cause of action for intentional discrimination based on sex and disability under Cal. Educ. Code § 220. (*See* Mot. to Dismiss ("MTD") (ECF No. 27) at 3–5; Reply (ECF No. 29) at 1–5.) The Court submitted the Motion without oral argument. (ECF No. 33.)

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements alone do not suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and

common sense." *Id.* at 679.  However, a court may not assume that the plaintiff "can prove facts that it has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court granting a motion to dismiss a complaint must also decide whether to grant leave to amend.  Leave to amend should be freely given where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend").  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005).

## DISCUSSION

### I. Plaintiff's ADA and Rehabilitation Act Claims

Plaintiff claims that the District failed to "provide services, programs, and activities in a full and equal manner to disabled persons . . . including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability . . . [and] by subjecting Plaintiff K.D. to a hostile educational environment" in violation of the ADA and Rehabilitation Act. (FAC ¶¶ 50–60.)

#### A. Immunity Under Cal. Educ. Code § 47604(d)

The District argues that it is immune from liability for these claims under Cal. Educ. Code § 47604(d), which provides that a "chartering authority that grants a charter to a charter school to be operated as or by a nonprofit public benefit corporation is not liable for the debts or obligations of the charter school or for claims arising from the performance of acts, errors, or omissions by the charter school if the chartering authority has complied with all oversight responsibilities required by law . .

. ." (MTD at 3-5.) However, this provision only immunizes the District from vicarious liability for claims brought against CCA. Plaintiff's ADA and Rehabilitation Act claims are premised on the District's direct liability for their failure to provide educational services in a non-discriminatory manner. The District has provided no authority that section 47604(d) bars claims against a school district for their own acts or omissions. But even if section 47604(d) applies to the claims at issue, the Ninth Circuit has made clear that "state law cannot provide immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000); *see also Roe ex rel. Callahan v. Gustine Unified Sch. Dist.*, 678 F. Supp. 2d 1008, 1017–20 (E.D. Cal. 2009) (concluding Cal. Educ. Code § 35330 did not apply to federal claims). Thus, section 47604(d) is inapplicable to these federal claims.

**B.     Liability for ADA and Rehabilitaion Act Claims**

While the District is not immune from suit, the Court finds that Plaintiff has failed to plead sufficient facts to state an ADA or Rehabilitation Act claim. "In order to state a claim under Title II of the ADA and the Rehabilitation Act, a plaintiff must allege: (1) he or she is an individual with a disability under the Act; (2) he or she is 'otherwise qualified' to participate in or receive the benefit of the entity's services, programs, or activities, i.e., he or she meets the essential eligibility requirements of the entity, with or without reasonable accommodation; (3) he or she was either excluded from participation in or denied the benefits of the entity's services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of his or her disability; and (4) the entity is a public entity (for the ADA claim) or receives federal financial assistance (for the Rehabilitation Act claim)." *D.K. ex rel. G.M. v. Solano Cnty. Off. of Educ.*, 667 F. Supp. 2d 1184, 1190 (E.D. Cal. 2009) (citing *Zukle v. Regents of University of California*, 166 F.3d 1041, 1045 (9th Cir.1999)). If a plaintiff seeks damages, as Plaintiff does here, he must also prove the discrimination was intentional by discriminatory animus or deliberate indifference. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69,* 815 F.3d 1195, 1204 (9th Cir. 2016).

Plaintiff sufficiently alleges a speech and language impairment that qualified him to receive special education services from the District. (FAC ¶¶ 17, 51–52.) Plaintiff also sufficiently alleges the District is a public entity and recipient of federal funds. (FAC ¶¶ 9, 58.)

However, Plaintiff fails to allege with particularity how the District's failure to prevent or address his abuse was motivated by discrimination toward his disability. As in *M.P.G. by and through Guzman v. Antioch Unified School District*, "there are no factual allegations in the complaint to suggest" that the District's failure to protect Plaintiff from this severe mistreatment was "motivated by a discriminatory animus based on his disability." No. 23-cv-01176-TSH, 2023 WL 4053794 at *3 (N.D. Cal. June 16, 2023). While Plaintiff "has alleged that he is disabled and that he was mistreated as a result of purported negligence by" the District, he fails to allege facts that show the District's actions resulted from discrimination "by reason of" his disability. *Id*. Thus, Plaintiff's allegations are insufficient to state a claim against the District under the ADA or Rehabilitation Act.

Even if Plaintiff had properly plead discrimination by reason of his disability, the Court finds that the Plaintiff has not shown he is entitled to damages. To recover damages, the plaintiff must also prove the discrimination was intentional by discriminatory animus or deliberate indifference. *A.G.,* 815 F.3d at 1204. Deliberate indifference requires (1) "knowledge that a harm to a federally protected right is substantially likely," and (2) "a failure to act upon that likelihood." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). This standard has been described as "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). This standard is "even higher than gross negligence—deliberate indifference requires a culpable mental state." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). "The state actor must 'recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without

regard to the consequences to the plaintiff.'" *Id.* "In other words, the defendant 'knows that something is going to happen but ignores the risk and exposes [the plaintiff] to it.'" *Id.*

Plaintiff alleges the District was "on notice" of the harassment, but negligently failed to supervise or stop the conduct. (FAC ¶¶ 32–33, 78, 83.) However, Plaintiff fails to allege with particularity either how the District knew about the ongoing abuse as a chartering authority or how they could be aware that the abuse was highly likely. Plaintiff also consistently refers to the District's action as negligent, (FAC ¶¶ 32–33, 38), but negligence is not sufficient to plead the "stringent standard of fault" and actual intent required for deliberate indifference. *See M.P.G.*, 2023 WL 4053794, at *4. If Plaintiff had sufficiently alleged how the District knew about the harassment and failed to act, then Plaintiff would have met the deliberate indifference standard. *See also A.G.*, 815 F.3d at 1207 (When the plaintiff is seeking damages, "she must show the defendant had notice of her need for an accommodation and 'fail[ed] to act.'"). But without sufficient allegations demonstrating knowledge, the District cannot be held liable for damages. *See M.P.G.*, 2023 WL 4053794, at *4.

For these reasons, the Court will dismiss Plaintiff's second and third causes of action with leave to amend.

## II. Plaintiff's Negligent Supervision Claim

Plaintiff also alleges that the District is liable "for injuries proximately caused by the negligence of district and school personnel responsible for student supervision" under Cal. Gov't Code § 815.2(a), which establishes liability for public entities for injury "caused by an act or omission of an employee of the public entity within the scope of his employment." (FAC ¶¶ 61–68.) The District again argues that it is immune from vicarious liability under Cal. Educ. Code § 47604(d), which provides that a "chartering authority that grants a charter to a charter school to be operated as or by a nonprofit public benefit corporation is not liable for the debts or obligations of the charter school or for claims arising from the performance of acts, errors, or omissions

7

by the charter school if the chartering authority has complied with all oversight responsibilities required by law, including, but not limited to, those required by Section 47604.32 and subdivision (m) of Section 47605." (MTD at 3-5.) The District argues that it has complied with all oversight responsibilities under sections 47604.32 and 47605(m). (*Id.* at 4-5.)

The Court finds that the District is immune from liability for Plaintiff's state-law negligent supervision claim. Plaintiff alleges that Caliber Public Schools "is a nonprofit public benefit corporation, which is the legal entity that was granted the charter for [CCA]." (FAC ¶ 7.) Thus, CCA is a charter school subject to the immunity provisions in section 47604(d). Plaintiff argues that the District "was required to monitor CCA to ensure the school's compliance with applicable laws, fulfillment of charter terms and provision of a high-quality educational program for students" under section 47604.32, as well as the District's board policies 420.4 and 420.41, but "negligently failed to do so." (FAC ¶¶ 19, 35, 65.) Compliance with these oversight requirements is required for the District to gain the benefit of the immunity provided by section 46704(d). However, Plaintiff does not allege with particularity what obligations the District failed to fulfill under section 47604.32 and how. Nor does Plaintiff specify what obligations board policies 420.4 and 420.41 imposed on the District or how the District failed to fulfill them. Plaintiff's conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

As Plaintiff has failed to allege the District did not comply with the oversight requirements imposed under section 47604(d), the Court will dismiss Plaintiff's fourth cause of action with leave to amend.

### III.  Plaintiff's Intentional Discrimination Claim

Finally, Plaintiff alleges that he was bullied and sexually harassed by fellow students, the District had knowledge of Plaintiff's harassment, and the District had authority to end the harassment but did not. (FAC ¶¶ 71–84.) The District argues that Cal. Educ. Code § 47604(d) immunizes it from liability. (MTD at 3-5.) However, as

with Plaintiff's ADA and Rehabilitation Act claims, immunity under section 47604(d) is inapplicable here as Plaintiff's claim is premised on the District's direct liability.

That said, Plaintiff has failed to state a claim.  To plead intentional discrimination under Cal. Educ. Code § 220, a plaintiff must allege "(1) he or she suffered 'severe, pervasive and offensive' harassment, that effectively deprived plaintiff of the right of equal access to educational benefits and opportunities; (2) the school district had 'actual knowledge' of that harassment; and (3) the school district acted with 'deliberate indifference' in the face of such knowledge."  *Donovan v. Poway Unified School Dist.*, 167 Cal. App. 4th 567, 579 (2008).

The Court finds Plaintiff has sufficiently alleged "severe, pervasive, and offensive" harassment that deprived him of educational access.  Plaintiff alleges that during the 2021–2022 school year he faced ongoing bullying in the presence of school staff and sexual harassment from K.J.W., which included fondling his genital and squeezing his penis.  (FAC ¶¶ 25–27, 29, 31.)  This is sufficient to allege "severe, pervasive, and offensive" harassment.  *See, e.g.*, *M.M. v. San Juan Unified Sch. Dist.*, No. 2:19-cv-00398-TLN-EFB, 2020 WL 5702265, at *4–6 (E.D. Cal. Sept. 24, 2020) (finding plaintiff's allegation that another student pushed the plaintiff, jumped on the plaintiff, and grabbed plaintiff's breasts on four separate occasion was sufficient to establish severe and pervasive harassment); *J.E.L. v. San Francisco Unified Sch. Dist.*, 185 F. Supp. 3d 1196, 1200 (N.D. Cal. 2016) ("Plaintiff has alleged 'severe' and 'pervasive' peer harassment in excess of 'a single instance.'").  Plaintiff also sufficiently alleges that, as a result of the harassment, he was deprived of educational access because he suffered severe anxiety, psychological injuries, and diminished academic performance.  (FAC ¶¶ 40, 77); *see also M.M. v. San Juan Unified Sch. Dist.*, 2020 WL 5702265, at *6 (E.D. Cal. Sept. 24, 2020) ("Examples of a negative impact on access may include dropping grades, being diagnosed with behavioral and/or anxiety disorders, and becoming homebound or hospitalized due to harassment, physical violence, or sexual assault.").

As with the ADA and Rehabilitation Act claims, the Court finds that the Plaintiff has insufficiently pled the District had actual knowledge or acted with deliberate indifference. Plaintiff alleges, on "information and belief," that the District were "on notice" and had "knowledge of this bullying, sexual harassment, and sexual misconduct," but negligently failed to supervise or intervene to stop the conduct. (FAC ¶¶ 32–33, 37, 78.) However, Plaintiff fails to allege with particularity how and when the District gained actual knowledge of these incidents as a chartering authority. As Plaintiff has not sufficiently pled actual knowledge, the District cannot be held liable for acting indifferently to incidents of which it was unaware. *See also R.N. by & through Neff v. Travis Unified Sch. Dist.*, No. 2:20-cv-00562-KJM-JDP, 2020 WL 7227561, at *11 (E.D. Cal. Dec. 8, 2020) ("[Plaintiff] must also show the District acted with deliberate indifference in the face of 'actual knowledge' of such discrimination or harassment."). Thus, Plaintiff's allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

For these reasons, the Court will dismiss Plaintiff's sixth cause of action with leave to amend.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED the District's Motion to Dismiss (ECF No. 27) is GRANTED. Specifically, Plaintiff's second, third, fourth, and sixth causes of action against the District are DISMISSED with leave to amend. Plaintiff is GRANTED leave to file an amended complaint within thirty (30) days.

IT IS SO ORDERED.

Dated:   **July 17, 2024**

/s/ Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE